| B1 (Official Form 1)(4/10) | **United States Bankruptcy Court**<br>**Southern District of New York** | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**The Weck Corporation** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**DBA Gracious Home** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**13-1996057** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**632 Broadway, Suite 401**<br>**New York, NY**<br>ZIP Code **10012** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**New York** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): **See Attached Schedule 1** | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box) | **Nature of Business**<br>(Check one box) | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>■ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other | ☐ Chapter 7<br>☐ Chapter 9<br>■ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13<br><br>☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." ■ Debts are primarily business debts. |

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ■ Full Filing Fee attached<br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter)*.<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**

■ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors
| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ■ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets
| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ■ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities
| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ■ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **The Weck Corporation** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
| Location Where Filed: **- None -** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
| Name of Debtor: **See Attached Schedule 2** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B
(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).

X_____
Signature of Attorney for Debtor(s)      (Date)

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| **Voluntary Petition** | Name of Debtor(s): |
| --- | --- |
| *(This page must be completed and filed in every case)* | **The Weck Corporation** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

X **/s/ Mark T. Power**
Signature of Attorney for Debtor(s)

**Mark T. Power 1607**
Printed Name of Attorney for Debtor(s)

**Hahn & Hessen LLP**
Firm Name

**488 Madison Avenue**
**New York, NY 10022**
Address

**212-478-7200  Fax: 212-478-7400**
Telephone Number

**August 13, 2010**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Natan Wekselbaum**
Signature of Authorized Individual

**Natan Wekselbaum**
Printed Name of Authorized Individual

**Chairman**
Title of Authorized Individual

**August 13, 2010**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

**Schedule 1 to Chapter 11 Petition**
**Location of Principal Assets of The Weck Corporation**

| Address | City | State | Zip |
|---|---|---|---|
| 1220 Third Avenue | New York | NY | 10021 |
| 1201 Third Avenue | New York | NY | 10021 |
| 1217 Third Avenue | New York | NY | 10021 |
| 1992 Broadway | New York | NY | 10023 |
| 766 Sixth Avenue | New York | NY | 10010 |
| 45 West 25th Street | New York | NY | 10010 |
| 632 Broadway | New York | NY | 10012 |
| 30-30 60th Street | Woodside | NY | 11377 |

# Schedule 2 to Chapter 11 Petition
# The Weck Corporation

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of title 11 of the United State Code in the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). A motion has been filed with the Bankruptcy Court requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered.

| Company | Case Number | Date Filed |
|---|---|---|
| Weck Chelsea, LLC | 10- _____ (___) | August ___, 2010 |
| West Weck, LLC | 10- _____ (___) | August ___, 2010 |
| Gracious Home.com, LLC | 10- _____ (___) | August ___, 2010 |

# CONSOLIDATED LIST OF CREDITORS
# HOLDING 40 LARGEST UNSECURED CLAIMS AGAINST THE DEBTORS[1]

The following is a list of creditors holding the forty (40) largest unsecured claims against the Debtors. This list has been prepared from the unaudited books and records of the Debtors. The list reflects amounts from the Debtors' books and records as of [July 31, 2010.] The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtor's chapter 11 case. This list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 except as otherwise noted, or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the forty (40) largest unsecured claims. The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date.

| Name of Creditor | Complete Mailing Address of Creditor Including Zip Code | Nature of Claim (trade debt, bank loan, government contract, etc.) | Indicate if Claim is contingent, unliquidated, disputed or subject to set-off [2] | Amount of Claim (If secured also state value of security) |
|---|---|---|---|---|
| TRUE VALUE COMPANY | P.O. BOX 3316 BOSTON, MA 02241-3316 | Trade | | $722,102 |
| LINCOLN METROCENTER PARTNERS LP | 1995 Broadway, 3rd Floor New York, NY 10023 | Rent/RE Tax | | $270,161 |
| JOHN MATOUK & CO INC | 11 East 26th Street New York, NY 10010 | Trade | | $165,883 |
| FRAYDUN REALTY CO | 150 E. 58th Street New York, NY 10155-2899 | Rent/RE Tax | | $143,096 |
| HABIDECOR & ABYSS. | P.O. Box 429 Windsor, NJ 08561-0429 | Trade | | $136,173 |
| SATCO PRODUCTS INC | 110 Heartland Blvd. Brentwood, NY 11717 | Trade | | $134,973 |
| ROCKROSE DEVELOPMENT CORP | 290 Park Avenue South, New York, NY 10010 | Rent/RE Tax | | $133,675 |
| YVES DELORME | 1725 Broadway Charlottesville, VA, 22902 | Trade | | $132,350 |
| SCANDIA DOWN LLC | P.O. Box 2465 La Crosse, WI 54602-2465 | Trade | | $92,860 |

---

[1] The Debtors will continue to update this information and will provide a complete List of Creditors as soon as practicable.

[2] **The claims listed herein are currently under investigation and, as a result, unless otherwise indicated herein, remain contingent, unliquidated, disputed or subject to set-off.**

| Name of Creditor | Complete Mailing Address of Creditor Including Zip Code | Nature of Claim (trade debt, bank loan, government contract, etc.) | Indicate if Claim is contingent, unliquidated, disputed or subject to set-off [2] | Amount of Claim (If secured also state value of security) |
|---|---|---|---|---|
| THE NEW YORK TIMES W7770 RA | 620 Eighth Avenue<br>New York, NY 10018 | Expense | | $90,585 |
| VISUAL COMFORT & CO | PO Box 974399<br>Dallas, TX 75397-4399 | Trade | | $90,330 |
| MIELE APPLIANCES INC.(8810) | 9 Independence Way<br>Princeton, NJ 08540 | Trade | | $88,326 |
| SFERRA BROS LTD | 15 Mayfield Avenue<br>P.O. Box 6690<br>Edison, NJ 08818-6690 | Trade | | $86,264 |
| AMERICAN EXPRESS CO | P.O. Box 2855<br>New York, NY 10116 | Credit Card | | $84,505 |
| VORNADO AIR CIRCULATION | P.O. Box 873895<br>Kansas City, MO 64187-3895 | Trade | | $76,950 |
| H.GEORGE CASPARI CO. | 99 Cogwheel Lane<br>Seymour, CT 06483 | Trade | | $74,999 |
| HOLTKOETTER INT'L INC | 155 Hardman Avenue South<br>P.O. Box 623<br>South St. Paul, MN 55075 | Trade | | $74,621 |
| OXFORD INSURANCE | Attn: Matt Power<br>225 Broadhollow Road<br>Melville, NY 11747 | Benefits | | $66,224 |
| CONTINENTAL SUPERBAG LLC | PO Box 65753<br>Charlotte, NC 28265 | Trade | | $65,703 |
| BRADFORD SWETT MANAGEMENT LLC | 1536 Third Avenue, 3rd Fl.<br>New York, NY 10028-2110 | Rent/RE Tax | | $62,139 |
| ANTICA FARMAISTA | 2013 4th Avenue, Suite 205<br>Seattle, WA 98121 | Trade | | $60,610 |
| TOWNSEND HOUSE CORP. | P.O. Box 21008<br>New York, NY 10286-2525 | Rent/RE Tax | | $56,000 |
| DIPTYQUE | 303 Park Avenue So #1060<br>New York, NY 10011 | Trade | | $53,138 |
| BALDWIN HARDWARE | 13212 Collections Center Drive<br>Chicago, IL 60693 | Trade | | $50,409 |
| SCHONBEK | P.O. Box 415343 | Trade | | $49,245 |

| Name of Creditor | Complete Mailing Address of Creditor Including Zip Code | Nature of Claim (trade debt, bank loan, government contract, etc.) | Indicate if Claim is contingent, unliquidated, disputed or subject to set-off [2] | Amount of Claim (If secured also state value of security) |
|---|---|---|---|---|
| WORLDWIDE LIGHTING IN | Boston, MA 02241-5343 | | | |
| BLUEAIR INC. | 17 N. State St. Suite 1830 Chicago, IL 60602 | Trade | | $48,999 |
| TIZO DESIGN INC. | 7722 Densmore Avenue Van Nuys, CA 91406 | Trade | | $45,569 |
| TENTINA | 1186 Route 109 P.O. Box 615 Lindenhurst, NY 11757 | Trade | | $44,771 |
| BONAFIDE ESTATES, INC. | 630 Fifth Ave., Suite 3165 New York, NY 10111 | Rent/RE Tax | | $43,850 |
| BENJAMIN MOORE & CO | Newark NJ Area 12 P.O.Box 4023 Church Street Station New York, NY 10261-4023 | Trade | | $43,467 |
| SAMUEL HEATH & SONS PLC | 111 East 39th St., Suite 2R New York, NY 10016 | Trade | | $42,721 |
| BELLINO INC. | 18 West Forest Avenue Englewood, NJ 07631 | Trade | | $42,248 |
| H.SCHULTZ & SONS | P.O. Box 1557 777 Leigh Avenue Union, NJ 07083 | Trade | | $41,050 |
| OMNIA INDUSTRIES, INC. | P.O. Box 330 Five Cliffside Drive Cedar Grove, NJ 07009 | Trade | | $40,759 |
| ROHL CORPORATION | 3 Parker Irvine, CA 92618 | Trade | | $40,348 |
| TRG GROUP | 2047 Westport Center Drive St. Louis, MO 63146 | Trade | | $39,763 |
| 179 E 70TH STREET CORP | 179 E. 70th Street New York, NY 10021 | Rent/RE Tax | | $39,705 |
| TUMI INC. | 1001 Durham Avenue South Plainfield, NJ 07080 | Trade | | $38,013 |
| HANSGROHE, INC | 1490 Bluegrass Lakes Pkwy Alpharetta, GA 30392 | Trade | | $37,970 |
| TOTO USA LTD | P.O. Box 101388 Atlanta, GA 30392 | Trade | | $37,113 |
| CON EDISON | JAF P.O. Box 1702 New York, NY 10060-0016 | Utility | | $36,135 |

# THE WECK CORPORATION

## RESOLUTIONS ADOPTED AT A SPECIAL MEETING
## OF THE BOARD OF DIRECTORS

### AUGUST 12, 2010

**WHEREAS**, the Board of Directors (the "**Board**") of The Weck Corporation, a New York corporation (the "**Company**"), has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses;

**WHEREAS**, the Board has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Board has determined that it is desirable that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

> **NOW, THEREFORE, BE IT RESOLVED**, that the officers and authorized representatives of the Company and any other person designated and so authorized to act (each, an "**Authorized Officer**") of the Company be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company to execute and verify the petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") at such time as the Authorized Officer executing the petition shall determine; and be it further
>
> **RESOLVED**, that the Company is hereby authorized and directed to engage the law firm of Hahn & Hessen LLP, as general restructuring counsel, to represent and assist the Company in its chapter 11 case and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any

pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Company's chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Hahn & Hessen LLP; and be it further

**RESOLVED,** that the Company is hereby authorized and directed to engage the firm of Triton Equity Partners, LLC, as financial advisor, real estate advisor and investment banker, to represent and assist the Company in its chapter 11 case and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Company's chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Triton Equity Partners, LLC; and be it further

**RESOLVED,** that the Company is hereby authorized and directed to engage the firm of the law office of Andrew E. Hazen, as special counsel for real estate and corporate matters, to represent and assist the Company in its chapter 11 case and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Company's chapter 11 case and cause to be filed an appropriate application for authority to retain the services of the law office of Andrew E. Hazen; and be it further

**RESOLVED,** that the Company is hereby authorized and directed to engage The Garden City Group, Inc., as noticing, balloting and claims agent, to represent and assist the Company in its chapter 11 case and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Company's chapter 11 case and cause to be filed an appropriate application for authority to retain the services of The Garden City Group, Inc.; and be it further

**RESOLVED,** that the Company is hereby authorized and directed to engage any other professionals to assist the Company in its chapter 11 case and in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Company's chapter 11 case and cause to be filed an appropriate application for authority to retain the services of any other

- 2 -

185125/001-1898813.5

professionals as necessary in the opinion of such Authorized Officer; and be it further

**RESOLVED,** that the Authorized Officers of the Company be, and each hereby is, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case; and be it further

**RESOLVED**, that the amendment and modification to existing financing represented by (a) the Forbearance Agreement and Amendment to Modified and Extended Secured Non-Revolving Credit Note and Agreement, dated as of August 11, 2010, by and among The Weck Corporation, West Weck, LLC, Gracious Home.com, LLC, and Weck Chelsea, LLC and NewAlliance Bank, acting through its NewAlliance Commercial Finance operating division (the "Non-Revolving Credit Agreement") and (b) the Letter of Credit Reimbursement Agreement, by the Company, be, and it hereby is, authorized and approved for all purposes and in all respects; and be it further

**RESOLVED**, that the acquiring of postpetition, exit or other financing, including under that certain Debtor in Possession Loan and Security Agreement dated as of August 12, 2010 between The Weck Corporation, West Weck, LLC, Gracious Home.com, LLC and Weck Chelsea, LLC, as Borrowers and NewAlliance Bank as Lender (the "DIP Agreement"), by the Company, be, and it hereby is, authorized and approved for all purposes and in all respects; and be it further

**RESOLVED**, that the Authorized Officers of the Company shall be, and each of them hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company, to negotiate, document, execute, deliver and otherwise take any and all actions necessary or appropriate for the Company to (a) enter into the Non-Revolving Credit Agreement, and (b) obtain postpetition, exit or other financing, including under the DIP Agreement, exit or other credit facilities, and to effectuate the foregoing, to enter into such loan agreements, documents, notes, guaranties, security agreements, pledge agreements and all other documents, agreements or instruments (collectively, the "<u>Credit Documents</u>") as may be deemed necessary or appropriate by such Authorized Officer; and be it further

**RESOLVED**, that the Authorized Officers of the Company shall be, and each of them hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company to execute,

verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all Credit Documents, petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers or other professionals and to take any and all actions that such Authorized Officer deems necessary or proper in connection with the Company's chapter 11 case or with any post-petition financing, exit or other financing contemplated hereby; and be it further

**RESOLVED**, that any Authorized Officer and such other employees of the Company as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of any credit facility, to the extent the Company is party to such credit facility, which shall in their sole judgment be necessary, proper or advisable; and be it further

**RESOLVED**, that the Authorized Officers of the Company be, and each hereby is, authorized, empowered and directed to use in connection with the Company's chapter 11 case and in accordance with the provisions of the Bankruptcy Code any cash collateral, with or without the consent or support of any counterparties to any agreement related to any such cash collateral; and be it further

**RESOLVED**, that the negotiation of the recapitalization or reorganization of the Company, and the liquidation of the Company, including the distribution of proceeds from any asset sale be, and each hereby is, authorized and approved for all purposes and in all respects; and be it further

**RESOLVED**, that the Authorized Officers of the Company shall be, and each of them hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company, to take any and all actions necessary or appropriate for the Company to continue to negotiate the recapitalization or reorganization (the "<u>Plan Process</u>") of the Company and its affiliates, including under one or more plans of reorganization to effectuate the foregoing Plan Process, and to enter into such plan of reorganization and all other documents, agreements or instruments (collectively, the "<u>Reorganization Plan Documents</u>") as may be deemed necessary or appropriate by such Authorized Officer; and be it further

**RESOLVED**, that the Authorized Officers of the Company shall be, and each of them hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company, to execute,

- 4 -

deliver, acknowledge, attest, file and record (or direct others to do so on their behalf as provided herein) any and all documents such Authorized Officer shall deem necessary or advisable, including, without limitation, all Reorganization Plan Documents, petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in connection therewith to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers or other professionals and to take any and all actions which such Authorized Officer deems necessary or proper in connection with the Chapter 11 Case, or the Plan Process; and be it further

**RESOLVED,** that the Investment and Standby Purchase Agreement by and among The Weck Corporation and certain of its affiliates, Natan Wekselbaum and GH Acquisition, LLC, a Delaware limited liability company, dated as of August 11, 2010 and each other document, instrument or agreement executed in connection therewith (collectively, the "**ISPA**"), substantially in the form of the draft which has been reviewed by the Board or explained to the Board, and the Company's performance of its obligations under the ISPA, to the extent that the Company is party to such ISPA, is hereby, in all respects, authorized and approved; and be it further

**RESOLVED,** that any Authorized Officer and such other employees of the Company as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company to cause the Company to execute and deliver the ISPA, to the extent that the Company is party to such ISPA, in the name and on behalf of the Company, substantially in the form of the draft which has been reviewed by the Board or explained to the Board, with such changes therein and modifications and amendments thereto as any Authorized Officer may in his, her or their sole discretion approve, which approval shall be conclusively evidenced by his, her or their execution thereof; and be it further

**RESOLVED,** that any Authorized Officer and such other employees of the Company as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the ISPA, to the extent that the Company is party to such ISPA, which shall in their sole judgment be necessary, proper or advisable; and be it further

**RESOLVED,** that the Plan Support Agreement by and among The Weck Corporation and certain of its affiliates and NewAlliance Bank, a Connecticut state charted bank (the "Lender"), acting through its NewAlliance Commercial Finance operating division, dated as of August 11, 2010 and each other document, instrument or agreement executed in connection therewith

(collectively, the **"Plan Support Agreement"),** substantially in the form of the draft which has been reviewed by the Board or explained to the Board, and the Company's performance of its obligations under the Plan Support Agreement, to the extent that the Company is party to such Plan Support Agreement, is hereby, in all respects, authorized and approved; and be it further

**RESOLVED,** that any Authorized Officer and such other employees of the Company as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company to cause the Company to execute and deliver the Plan Support Agreement, to the extent that the Company is party to such Plan Support Agreement, in the name and on behalf of the Company, substantially in the form of the draft which has been reviewed by the Board or explained to the Board, with such changes therein and modifications and amendments thereto as any Authorized Officer may in his, her or their sole discretion approve, which approval shall be conclusively evidenced by his, her or their execution thereof; and be it further

**RESOLVED,** that any Authorized Officer and such other employees of the Company as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Plan Support Agreement, to the extent that the Company is party to such Plan Support Agreement, which shall in their sole judgment be necessary, proper or advisable; and be it further

**RESOLVED,** that the Authorized Officers be, and each hereby is, authorized and empowered on behalf and in the name of the Company to execute such consents of the Company as such Authorized Officer considers necessary, proper or desirable to effectuate these resolutions, such determination to be evidenced by such execution or taking of such action; and be it further

**RESOLVED,** that any Authorized Officer and such other employees of the Company as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company to cause the Company to negotiate, enter into, execute, deliver, certify, file, and/or record, and perform such agreements, instruments, assignments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions, as in the judgment of any such officer shall be or become necessary, proper, and

desirable to effectuate a successful reorganization of the Company's business; and be it further

**RESOLVED,** that each Authorized Officer, and such other officers of the Company as the Authorized Officers shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company to (and any such actions heretofore taken by any of them are hereby ratified, confirmed and approved in all respects): (i) negotiate, execute, deliver and/or file any and all of the agreements, documents and instruments referenced herein, and such other agreements, documents and instruments and assignments thereof as may be required or as such officers deem appropriate or advisable, or to cause the negotiation, execution and delivery thereof, in the name and on behalf of the Company in such form and substance as such officers may approve, together with such changes and amendments to any of the terms and conditions thereof as such officers may approve, with the execution and delivery thereof on behalf of the Company by or at the direction of such officers to constitute evidence of such approval, (ii) negotiate, execute, deliver and/or file, in the name and on behalf of the Company any and all agreements, documents, certificates, consents, filings and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other actions as may be required or as such officers deem appropriate or advisable in connection therewith, and (iii) do such other things as may be required, or as may in their judgment be appropriate or advisable, in order to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated thereby; and be it further;

**RESOLVED,** that the Authorized Officers be, and each hereby is, authorized and empowered on behalf of and in the name of the Company, in its own capacity and in its capacity as the direct or indirect general partner, stockholder, beneficial interest holder or member of each of its subsidiaries, to execute such consents of the Company as such Authorized Officer considers necessary, proper or desirable to effectuate these resolutions, such determination to be evidenced by such execution or taking of such action; and be it further;

**RESOLVED,** that any and all past actions heretofore taken by any Authorized Officer or the Board of the Company in the name and on behalf of the Company, in the Company's own capacity, in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved; and be it further

**RESOLVED**, that for purposes with respect to these resolutions, the "Authorized Officers" of the Company shall be Natan Wekselbaum, Jordan

Smilowitz, Paul Jen, Thomas C. Shull or such other persons as the Board may designate.

\* \* \* \* \*

      __/s/ Natan Wekselbaum_____  
Name: Natan Wekselbaum  
Title:  Director

<h1 align="center">United States Bankruptcy Court</h1>
<h2 align="center">Southern District of New York</h2>

In re  **The Weck Corporation**

Debtor(s)

Case No.

Chapter  **11**

# CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **The Weck Corporation** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**August 13, 2010**

Date

**/s/ Mark T. Power**

**Mark T. Power 1607**

Signature of Attorney or Litigant

Counsel for **The Weck Corporation**

**Hahn & Hessen LLP**
**488 Madison Avenue**
**New York, NY 10022**
**212-478-7200 Fax:212-478-7400**