UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
:
In re                                                                                  :   Chapter 11
:
THE WECK CORPORATION,                                        :   Case No. 10-14349 (AJG)
d/b/a Gracious Home, *et. al.*                                       :
:
Debtors.                                                             :
:
---------------------------------------------------------------- X

**INTERIM ORDER PURSUANT TO SECTIONS 105(a), 363(b),
AND 541 OF THE BANKRUPTCY CODE (i) AUTHORIZING
THE DEBTORS TO PAY PREPETITION SALES AND USE
TAXES AND (ii) SCHEDULING A FINAL HEARING**

Upon the motion dated August 13, 2010 (the "Motion"), of The Weck Corporation and its debtor affiliates, as debtors and debtors in possession (the "Debtors"), pursuant to sections 105(a), 363(b), and 541 of title 11 of the United States Code (the "Bankruptcy Code") (i) for authorization to pay prepetition sales and use taxes (the "Taxes and Fees"), and (ii) to schedule a final hearing to grant the relief requested in the Motion on a final basis ("Final Hearing"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10,1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the U.S. Trustee, (ii) counsel to NewAlliance Bank, the Debtors' secured creditor and proposed DIP Lender, (iii) counsel to GH Acquisition, LLC, the Debtors' proposed plan sponsor and investor, (iv) the

1907666.v4

Debtors' twenty (20) largest unsecured creditors, (v) the Taxing Authorities, (vi) the U.S. Customs and Boarder Protection Agency, (vii) the New York City Department of Finance and (viii) all other parties who have timely filed requests for notice under Rule 2002 of the Bankruptcy Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Affidavit of Jordan Smilowitz pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, sworn to on August 10, 2010, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis; and it is further

ORDERED that the Debtors are authorized, but not required, to pay all prepetition Taxes and Fees due and owing to all taxing authorities on or before the Final Hearing, to the Taxing Authorities consistent with the practices and policies in effect as of the commencement of the Debtors' chapter 11 cases, including, without limitation, through the issuance of postpetition checks; and it is further

ORDERED that the Debtors are authorized, but not required to pay, all prepetition Customs Duties in an amount not to exceed $10,000, and all prepetition Parking Program Fees in an amount not to exceed $1,000.

ORDERED that the Banks are directed and authorized to process, honor, and pay, to the extent of funds on deposit, any and all prepetition checks issued by the Debtors, in respect of any Taxes and Fees, Customs Duties and Parking Program Fees incurred prior to, or after, the commencement of these chapter 11 cases, and it is further

ORDERED that the Debtors are authorized to issue postpetition checks in replacement of any checks in respect of prepetition Taxes and Fees, Customs Duties and Parking Program Fees dishonored or rejected as of the commencement of these chapter 11 cases; and it is further

ORDERED that nothing in this Order or the Motion waives or releases any rights the Debtors have to contest the amount of or basis for any Sales Taxes and Use Taxes allegedly due any Taxing Authority or any Customs Duty owed to the U.S. Customs Service; and it is further

ORDERED that Bankruptcy Rule 6003(b) has been satisfied; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rules 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Final Hearing to consider entry of an order granting the relief requested in the Motion on a permanent basis shall be held on September 1, 2010 at 9:30 a.m. (Eastern Time); and any objections to entry of such order shall be in writing, filed with the Court in accordance with General Order M-399, and served upon (i) counsel to the Debtors; (ii) the U.S. Trustee; (iii) counsel to the agents for the Debtors' prepetition lenders, and (iv) counsel for any statutory committee appointed in these cases, in each case so as to be received no later than 4:00 p.m. (Eastern Time) on August 27, 2010; and it is further

ORDERED that the Debtors shall serve this Order within three business days of its entry on (i) the U.S. Trustee, (ii) counsel to the agents for the Debtors' prepetition lenders, and (iii) creditors holding the twenty largest unsecured claims against the Debtors.

Dated:    August 17, 2010
          New York, New York

                                              **s/Allan L. Gropper**
                                              UNITED STATES BANKRUPTCY JUDGE