UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x
                                                                  :
In re                                                             :  Chapter 11
                                                                  :
THE WECK CORPORATION,                                             :  Case No. 10-14349 (AJG)
d/b/a Gracious Home, *et al.*                                     :
                                                                  :
                        Debtors.                                  :
                                                                  :
----------------------------------------------------------------- x

**INTERIM ORDER PURSUANT TO SECTIONS 105(a), 362(d), 363(b) AND 503(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 4001(d) AND 6004(a) (I) AUTHORIZING DEBTORS TO (A) CONTINUE THEIR WORKERS' COMPENSATION PROGRAM AND THEIR INSURANCE PROGRAMS AND (B) PAY ALL OBLIGATIONS IN RESPECT THEREOF AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS**

Upon the motion, dated August 13, 2010 (the "Motion"),[1] of The Weck Corporation, d/b/a Gracious Home, West Weck, LLC, Gracious Home.com, LLC and Weck Chelsea, LLC, as Debtors and debtors in possession (collectively, the "Debtors"),[2] for an order, pursuant to sections 105(a), 362(d), 363(b), and 503(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 4001, 6003 and 6004 of the Federal Rules of Bankruptcy Procedure, (i) authorizing the Debtors to (a) continue their workers' compensation programs (the "Workers' Compensation Program") and their liability, product, property, and other insurance programs, including, without limitation, all of the policies set forth on **Exhibit A** annexed hereto (together with the Workers' Compensation Program, the "Insurance Programs"), (b) pay all prepetition obligations in respect thereof, on an uninterrupted basis, consistent with their

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the Motion.

[2] The Debtors in these cases, together with the last four digits of their respective federal tax identification numbers, are as follows: The Weck Corporation (6057); West Weck, LLC (1934); Gracious Home.com, LLC (4754); Weck Chelsea, LLC (3431).

practices in effect prior to the commencement of the Debtors' chapter 11 cases, including the payment of all premiums, claims, deductibles, administrative expenses, and all other charges incurred, whether relating to the period prior to or after the commencement of these chapter 11 cases (collectively, the "Insurance Obligations"), and (c) modify the automatic stay solely and for the limited purpose of permitting employees with claims under the Workers' Compensation Program to proceed with their claims in accordance with such program in the appropriate judicial or administrative forum; and (ii) authorizing certain banks and financial institutions (the "Banks"), including, but not limited to, the Banks listed on **Exhibit B** annexed hereto and NewAlliance Bank, to honor and process checks and transfers related to such obligations, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the U.S. Trustee, (ii) counsel to NewAlliance Bank, the Debtors' secured creditor and proposed DIP Lender, (iii) counsel to GH Acquisition, LLC, the Debtors' proposed plan sponsor and investor, (iv) the Debtors' twenty (20) largest unsecured creditors, (v) the Banks listed on Exhibit B hereto, and (vi) the Insurance Carriers, and it appearing that no other or further notice need be provided; and the Court having determined that the relief requested in the Motion being in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the

proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted to the extent provided herein on an interim basis; and it is further

ORDERED that the Debtors are authorized and empowered to maintain their Insurance Programs without interruption, on the same basis, and in accordance with the same practices and procedures that were in effect prior to the Petition Date; and it is further

ORDERED that the Debtors are authorized to pay the Workers Compensation August Premium in the amount of $16,479.19; and it is further

ORDERED that, pursuant to section 362(d) of the Bankruptcy Code, to the extent any of the Debtors' employees hold claims under the Debtors' Workers' Compensation Program, these employees are authorized, at the Debtors' discretion, to proceed with their workers' compensation claims through and including the collection of any judgment in the appropriate judicial or administrative forum under the Workers' Compensation Program; provided, that the prosecution of such claims is in accordance with the Workers' Compensation Program and the recoveries are limited to the proceeds available under the Workers' Compensation Program; and it is further

ORDERED that the Banks are authorized to honor, process, and pay, to the extent of funds on deposit, any and all prepetition checks or electronic fund transfer requests issued by the Debtors in respect of any Insurance Obligation, whether pre- or post-petition; and it is further

ORDERED that any Bank may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date

should be honored pursuant to this Order, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein; and it is further

ORDERED that nothing in this Order or the Motion shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Debtors' Insurance Programs; and it is further

ORDERED that, to the extent that any Insurance Program or any related contract or agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall constitute the postpetition assumption of any such Insurance Program, contract, or related agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that Bankruptcy Rule 6003(b) has been satisfied; and it is further

ORDERED that notwithstanding any applicability of Rules 6004(h), 7062, or 9014 of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that a final hearing on the relief requested in the Motion shall be scheduled for <u>September 1, 2010 at 9:30 a.m.</u> (prevailing Eastern time); and it is further

ORDERED that notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: August 17, 2010
      New York, New York

                                **s/Allan L. Gropper**
                                UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

# INSURANCE PROGRAMS

| Type of Coverage | Insurer | Policy Number(s) | Policy Term | Annual Premium | Deductible |
|---|---|---|---|---|---|
| Workers' Compensation | New York State Insurance Fund | Z 2026853-8 | 1/1/10-12/31/10 | $197,640.32 | $0 |
| Commercial Package (includes improvements and betterments, business income, stock, personal property) | National Fire Ins. Co. of Hartford | C2083327764 | 4/27/10-4/27/11 | $68,053.00 | Improvements/betterments/personal property $5,000; earthquake/Flood $25,000; Fine Arts $2,500 |
| Commercial General Liability | National Fire Ins. Co. of Hartford | PC2095941992 | 4/27/10-4/27/11 | $86,760.00 | $0 |
| Commercial Automobile | Continental Casualty Company | C2083327716 | 4/27/10-4/27/11 | $36,582.00 | Physical damage $1,000 |
| Commercial Umbrella | Continental Casualty Company | P2083327909 | 4/27/10-4/27/11 | $41,548.00 | $0 |
| D&O/Employment Practices Liability/ Crime/Special Coverage Internet/Fiduciary Policy | Federal Insurance Company | 68040572 | 3/1/10-3/1/11 | $37,202.00 | D&O $5,000-$50,000 EPL $30,000 Fiduciary $0 Internet $5,000 Crime Coverage $5,000 Kidnap/Ransom/Extortion $0 |

# EXHIBIT B

# BANK ACCOUNTS

| Account Description | Bank Name and Address | Last Four Digits of Account No. |
|---|---|---|
| Weck Corp. Checking | JP Morgan Chase<br>1166 Avenue of the Americas<br>New York, New York  10036 | 7297 |
| West Weck Checking | JP Morgan Chase<br>1166 Avenue of the Americas<br>New York, New York  10036 | 4632 |
| Weck Chelsea Checking | JP Morgan Chase<br>1166 Avenue of the Americas<br>New York, New York  10036 | 4491 |
| Weck Corp. Savings | JP Morgan Chase<br>1166 Avenue of the Americas<br>New York, New York  10036 | 6644 |
| Weck Corp. Checking | HSBC<br>80  8th Avenue<br>New York, New York  10011 | 5018 |
| West Weck Checking | HSBC<br>80  8th Avenue<br>New York, New York  10011 | 5000 |
| Weck Chelsea Checking | HSBC<br>80  8th Avenue<br>New York, New York  10011 | 5034 |
| Gracious Home.com Checking | HSBC<br>80  8th Avenue<br>New York, New York  10011 | 5026 |
| Savings | M&T<br>401 Broad Hollow Road<br>Melville, New York  11747 | 5129 |
| Savings | M&T<br>401 Broad Hollow Road<br>Melville, New York  11747 | 1323 |
| Weck Corp. Funding | M&T<br>401 Broad Hollow Road<br>Melville, New York  11747 | 7190 |
| Gracious Home. com Funding | M&T<br>401 Broad Hollow Road<br>Melville, New York  11747 | 7208 |
| Weck Chelsea Funding | M&T<br>401 Broad Hollow Road<br>Melville, New York  11747 | 7216 |
| West Weck Funding | M&T<br>401 Broad Hollow Road<br>Melville, New York  11747 | 7224 |
| Weck Corp. Checking | M&T<br>401 Broad Hollow Road<br>Melville, New York  11747 | 4064 |

| Account Description | Bank Name and Address | Last Four Digits of Account No. |
|---|---|---|
| Gracious Home.com Checking | M&T<br>401 Broad Hollow Road<br>Melville, New York  11747 | 4048 |
| Weck Chelsea Checking | M&T<br>401 Broad Hollow Road<br>Melville, New York  11747 | 4056 |
| West Weck Checking | M&T<br>401 Broad Hollow Road<br>Melville, New York  11747 | 4030 |