UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                     :

In re                                           :         Chapter 11
                                          :

**THE WECK CORPORATION,**             :         Case No. 10-14349 (AJG)
d/b/a Gracious Home, *et al.*              :
                                          :
                     **Debtors.**                :
-------------------------------------------------------------x

## INTERIM ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 1015(c) AND 9007 TO IMPLEMENT CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES

Upon the motion, dated August 13, 2010 (the "Motion")[1] of the above-captioned debtors and debtors-in-possession (the "Debtors")[2], for an order, pursuant to section 105(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1015(c) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), implementing notice and case management procedures (the "Procedures"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the U.S. Trustee for the Southern District of New York (ii) counsel to NewAlliance Bank, the

---

[1]     Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the Motion.

[2]     The Debtors in these cases, together with the last four digits of their respective federal tax identification numbers, are as follows: The Weck Corporation (6057); West Weck, LLC (1934); Gracious Home.com, LLC (4754); Weck Chelsea, LLC (3431).

Debtors' secured creditor and proposed DIP Lender, (iii) counsel to GH Acquisition, LLC, the Debtors' proposed plan sponsor and investor, (iv) the Debtors' twenty (20) largest unsecured creditors, (v) the Office of the United States Attorney for the Southern District of New York, and (vi) the Attorney General for the State of New York, and it appearing that no other or further notice need be provided; and the Court having determined that the relief requested in the Motion being in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted to the extent provided herein on an interim basis; and it is further

ORDERED that the Debtors shall serve a printed copy of this Order upon all parties on the Master Service List (as defined below) on the date this Order is entered, or as soon thereafter as is practicable; and it is further

ORDERED that the Procedures set forth herein are approved and shall govern all aspects of these chapter 11 cases, except as otherwise set forth herein or ordered by the Court; and it is further

ORDERED that the Debtors shall establish a master service list (the "Master Service List"), which will include: (i) the Office of the U.S. Trustee for the Southern District of New York (the "U.S. Trustee"); (ii) the Debtors; (iii) counsel for the Debtors; (iv) counsel for any official committee appointed in the Debtors' chapter 11 cases; (v) any party whose interests are directly affected by a specific pleading; (vi) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002; (vii) counsel to NewAlliance

Bank, the Debtors' secured creditor and proposed DIP Lender, (viii) counsel to GH Acquisition, LLC, the Debtors' proposed plan sponsor and investor, (ix) the Debtors' twenty (20) largest unsecured creditors; (x) the New York Attorney General's Office; and (xi) all government agencies to the extent required by the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. Hard copies of all pleadings must be sent to the U.S. Trustee's Office located at 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Susan D. Golden, Esq.); and it is further

ORDERED that the Debtors shall update the Master Service List on a monthly basis to include the names, addresses, and e-mail addresses of any party in interest who has made a written request for notice since the prior month and, in the event any changes are made, file the updated Master Service List with the Court; and it is further

ORDERED that, except as otherwise provided herein, notice of any relief sought or other pleadings in these chapter 11 cases shall only be served upon: (i) the parties then-listed on the Master Service List; (ii) any parties that have, pursuant to Bankruptcy Rule 2002, formally appeared and requested service since the last Master Service List was filed with the Court; and (iii) any party against whom direct relief is sought in such matter; and it is further

ORDERED that the matters for which notice shall be limited to the persons on the Master Service List, parties who have formally appeared, and any party against whom direct relief is sought in such proceeding, shall include all matters covered by Bankruptcy Rule 2002 and the Local Bankruptcy Rules, with the express exception of the following: (i) notice of the first meeting of creditors pursuant to section 341 of the Bankruptcy Code; (ii) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (iii) the time fixed for filing objections to, and the hearing to consider approval of, a disclosure statement and a plan of reorganization; (iv)

notice of and transmittal of ballots for accepting or rejecting a plan of reorganization; and (v) notice for approval of the sale of all or substantially all of the Debtors' assets; and it is further

1. ORDERED that electronic service (i.e., service by e-mail) may be made on a person who has requested or is deemed to have requested electronic notice in accordance with Bankruptcy Rule 9036 or the Electronic Filing Procedures. Each party having filed a request shall be deemed to have consented to electronic service of papers; provided, however, that hard copies of documents or notices shall be served in the following circumstances: (i) service made in accordance with Bankruptcy Rule 7004, Bankruptcy Rule 9014(b), or Bankruptcy Rule 9016; (ii) service made upon an agency of the United States, including the United States Attorney, the United States Trustee, or chambers, in accordance with the Bankruptcy Rules, the Local Bankruptcy Rules, or an order of the court; (iii) notice served pursuant to Bankruptcy Rule 2002(a)(1); and (iv) service made by the attorneys for the Debtors of the petition, schedules and statement of financial affairs on the United States Trustee; and it is further

ORDERED that upon the completion of noticing any particular matter, the Debtors shall file with the Court either an affidavit of service or certification of service, annexing thereto the list of those parties receiving notice; and it is further

ORDERED that the Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings at which motions, pleadings, applications, and other requests for relief shall be heard. If omnibus hearings are scheduled, the following guidelines shall apply:

(a) The Court shall set separate hearings for claim objections and for pre-trial conferences and trials in connection with adversary proceedings. Initial pre-trial conferences in connection with adversary proceedings shall be scheduled on the next available hearing date that is at least 45 days after the filing of the complaint.

(b) If a document is filed by a non-Debtor party that purports to set a hearing date inconsistent with the Procedures herein, the hearing shall be

        scheduled, without the necessity of Court order, for the first omnibus hearing after the applicable notice period has expired. If this occurs, the Debtors shall provide the movant with notice of these Procedures within five (5) business days of the Debtors' receipt of the documents that are erroneously filed.

      (c)      If a movant or applicant other than the Debtors determine that a motion, pleading, application, or other request requires emergency or expedited relief, the movant or applicant shall telephonically contact the Debtors' attorneys requesting that the motion or application be considered on an expedited basis. If the Debtors disagree with the movant's or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall: (i) inform the Court of the disagreement via telephone and (ii) arrange thereafter for a chambers conference, telephonic or in-person, to be held among the Court, the Debtors' attorneys, and the movant or applicant to discuss the disagreement. If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant may, by order to show cause, request an expedited hearing; and it is further

ORDERED that motions, pleadings, applications, and other requests for relief (other than those as set forth below) shall not be considered by the Court unless filed and served in accordance with these Procedures at least twenty-one (21) calendar days before the scheduled hearing date. Notwithstanding the foregoing, pursuant to Bankruptcy Rule 9006, if the parties served with a motion, pleading, application, or other requests for relief include parties being served by U.S. mail, a hearing may not be scheduled before twenty-four (24) calendar days from the date of service; and it is further

ORDERED that nothing in these Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 6006(b) and 9006(c); and it is further

ORDERED that the deadline to file an objection to any motion, pleading, application, or other request for relief shall be (i) at least seven (7) calendar days before the applicable hearing

5

date or (ii) any date ordered by the Court. The objection deadline may be extended with the consent of the movant or applicant. The objection will not be considered timely filed unless filed with the Court and received by all parties on the Master Service List, and the interested movant, on or before the applicable objection deadline. All parties filing an objection shall include their telephone and facsimile numbers in the signature block on the last page of the objection; and it is further

ORDERED that, unless otherwise ordered by the Court, a reply to an objection shall be filed with the Court and served in accordance with these Procedures on or before 12:00 noon, prevailing Eastern Time, on the day that is at least three (3) calendar days before the date of a hearing; and it is further

ORDERED that a motion, pleading, application, or other request for relief may be granted without a hearing provided that, after the passage of the objection deadline, the attorney for the entity who filed the motion, pleading, application, or other request for relief: (i) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no objection has been filed or served in accordance with these Procedures; (ii) serves the declaration by facsimile or electronic mail upon the attorneys for the Debtors one (1) business day before submission thereof to the Court; and (iii) delivers by U.S. mail, electronic mail or hand or overnight delivery, a package to the Court including (a) the declaration described in subsection (i) above, and (b) an electronic copy of the order granting the relief requested in the applicable motion, pleading, application, or other request for relief (collectively, the "<u>Presentment Package</u>"). Upon receipt of the Presentment Package, the Court may grant the relief requested in the motion, pleading, application, or other request for relief without further submission, hearing, or request. If the Court does not grant the relief, (i) the motion, pleading, application, or other request for relief will be considered by the

Court at the hearing date set in accordance with the provisions of this Order and (ii) the decision shall not constitute an extension of the objection deadline related thereto, unless otherwise agreed between the Debtors and the party seeking relief; and it is further

ORDERED that a "Notice of Hearing" shall be affixed to all motions, pleadings, applications, and other requests for relief and shall include the following: (i) the title of the motion, pleading, application, or other request for relief; (ii) the parties upon whom any objection to the motion, pleading, application, or other request for relief is required to be served; (iii) the date and time of the applicable objection deadline; (iv) the date of the hearing at which the motion, pleading, application, or other request for relief shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no objection is timely filed and served in accordance with these Procedures. The applicable objection deadline and hearing date shall also appear in the upper right corner of the first page of the Notice of Hearing; and it is further

ORDERED that, by 12:00 noon, prevailing Eastern time, on the day prior to each hearing day, the Debtors' counsel shall provide to (i) the Court; (ii) counsel for any official committee appointed in the Debtors' chapter 11 cases; (iii) any party in interest with matters before the court that day; and (iv) the U.S. Trustee, a proposed agenda with regard to the matters which are or were to be heard on such hearing day; and it is further

ORDERED that, in the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing on the hearing day. In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in

interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement. In the event the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court; and it is further

ORDERED that the Debtors may amend the Procedures from time to time throughout these chapter 11 cases and shall present such amendments to the Court in accordance with the terms and provisions of this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order; and it is further

ORDERED that a final hearing on the relief requested in the Motion shall be scheduled for <u>September 1, 2010 at 9:30 a.m</u>. (prevailing Eastern time); and it is further

ORDERED that notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion.

Dated: August 17, 2010
      New York, New York

                                  **s/Allan L. Gropper**
                                  UNITED STATES BANKRUPTCY JUDGE