**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
                                                :

**In re**                                   :            **Chapter 11**
                                                 :

**THE WECK CORPORATION,**         :            **Case No. 10-14349 (AJG)**
**d/b/a Gracious Home,** *et al.*          :
                                                   :

               **Debtors.**               :
------------------------------------------------------------------ x

**INTERIM ORDER PURSUANT TO SECTIONS 105(a), 363(c), 345(b) AND 364(a) OF THE BANKRUPTCY CODE AUTHORIZING DEBTORS TO (I) CONTINUE TO USE EXISTING CASH MANAGEMENT SYSTEM, (II) TO MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS, AND (III) WAIVE <u>REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY CODE</u>**

Upon the motion, dated August 13, 2010 (the "<u>Motion</u>"),[1] of The Weck Corporation, d/b/a Gracious Home, West Weck, LLC, Gracious Home.com, LLC and Weck Chelsea, LLC, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"),[2] for an order, pursuant to sections 105(a), 363(c), 345(b) and 364(a) of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") for (A) authorization to continue to use their existing cash management system (the "<u>Cash Management System</u>") and to maintain existing bank accounts (the "<u>Bank Accounts</u>") and business forms (the "<u>Business Forms</u>"), and (B) a waiver of section 345(b) of the Bankruptcy Code, all as more fully set forth in the Motion; and upon consideration of the Declaration of Jordan Smilowitz, President of the Debtors, pursuant to Local Rule 1007-2; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of

---

[1]     Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the Motion.

[2]     The Debtors in these cases, together with the last four digits of their respective federal tax identification numbers, are as follows: The Weck Corporation (6057); West Weck, LLC (1934); Gracious Home.com, LLC 4754); Weck Chelsea, LLC (3431).

the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the U.S. Trustee for the Southern District of New York (ii) counsel to NewAlliance Bank, the Debtors' secured creditor and proposed DIP Lender, (iii) counsel to GH Acquisition, LLC, the Debtors' proposed plan sponsor and investor, (v) the Debtors' twenty (20) largest unsecured creditors, and (vi) the Banks, and it appearing that no other or further notice need be provided; and the Court having determined that the relief requested in the Motion being in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted to the extent provided herein on an interim basis; and it is further

ORDERED that the Debtors are authorized and empowered, pursuant to sections 105(a) and 363(c)(1) of the Bankruptcy Code, to continue to manage their cash pursuant to the Cash Management System maintained by the Debtors before the commencement of these chapter 11 cases and under the terms of the Service Agreements (as defined below), and to collect, concentrate, and disburse cash in accordance with that Cash Management System; and it is further

ORDERED that the Debtors are authorized to: (i) designate, maintain and continue to use any or all of their existing Bank Accounts, including but not limited to the Bank Accounts with

those banks (the "Banks") listed on **Exhibit A** annexed hereto, in the names and with the account numbers existing immediately prior to the commencement of these chapter 11 cases, (ii) deposit funds into and withdraw funds from such accounts by all usual means including, without limitation, checks, wire transfers, automated transfers and other debits, and (iii) treat their prepetition Bank Accounts for all purposes as debtors in possession accounts; and it is further

ORDERED that all Banks with whom the Debtors maintain Bank Accounts are authorized to maintain, service, and administer the Bank Accounts and any other accounts opened postpetition in accordance with applicable non-bankruptcy law and in accordance with the service agreements and related documentation between the Debtors and their respective Banks (the "Service Agreements"), and the same may be amended from time to time, including by lifting any administrative or debit freeze placed on any of the Bank Accounts as a consequence of the filing of the petitions commencing these cases; and it is further

ORDERED that unless otherwise ordered by this Court, no Bank shall honor or pay any check issued or dated prior to the Petition Date; provided, however, that any such Bank may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to an Order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein; and it is further

ORDERED that the Debtors are directed to maintain records of each and every transfer within the Cash Management System occurring postpetition to the same extent maintained by the Debtors prior to the Petition Date, such that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, the Debtors' books and records; and it is further

ORDERED that the Debtors' continued use of their Cash Management System shall be deemed to comply with section 345 of the Bankruptcy Code, and the Debtors are relieved from the obligations pursuant to section 345(b) of the Bankruptcy Code to obtain a bond from any entity for any of the other Bank Accounts; and it is further

ORDERED that nothing contained herein shall prevent the Debtors from opening any additional bank accounts, including accounts at NewAlliance Bank, or closing any existing Bank Account(s), as they may deem necessary and appropriate, and the Banks and NewAlliance Bank are authorized to honor the Debtors' requests to open or close, as the case may be, such Bank Accounts or additional bank accounts at an authorized depository (unless otherwise agreed by the Office of the United States Trustee for the Southern District of New York); and it is further

ORDERED that, pursuant to section 364(a) of the Bankruptcy Code, the Debtors are authorized in connection with the ordinary operation of their Cash Management System to obtain unsecured credit and incur unsecured debt in the ordinary course of business without notice and a hearing; and it is further

ORDERED that the Debtors are authorized to use their existing Business Forms, including, check stock; provided, however, that as soon as practicable after the Petition Date the Debtors shall print "Debtor In Possession" and the chapter 11 case number under which these cases are being administered on any new check stock; and it is further

ORDERED that the Debtors are authorized and shall (i) pay undisputed prepetition amounts outstanding as of the date hereof, if any, owed to their Banks as service charges for the maintenance of the Cash Management System, and (ii) reimburse the Banks for any claims arising, or chargebacks of deposits made, before or after the Petition Date in connection with customer checks or other deposits into the Bank Accounts that have been dishonored or returned

for any reason, together with any fees and costs in connection therewith, to the same extent the

Debtors are responsible therefor by operation of non-bankruptcy law or under the terms of the

Service Agreements with the Banks; and it is further

ORDERED that within two (2) business days after the entry of this Order, the Debtors

shall serve a copy of this Order on the Banks; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation and/or enforcement of this Order;

and it is further

ORDERED that a final hearing on the relief requested in the Motion shall be scheduled

for <u>September 1, 2010 at 9:30 a.m.</u> (prevailing Eastern Time); and it is further

ORDERED that notice of the Motion as provided herein shall be deemed good and

sufficient notice of such Motion.

Dated: August 17, 2010
       New York, New York

<u>**s/Allan L. Gropper**</u>
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

# BANK ACCOUNTS

| Account Description | Bank Name and Address | Last Four Digits of Account No. |
|---|---|---|
| Weck Corp. Checking | JP Morgan Chase<br>1166 Avenue of the Americas<br>New York, New York 10036 | 7297 |
| West Weck Checking | JP Morgan Chase<br>1166 Avenue of the Americas<br>New York, New York 10036 | 4632 |
| Weck Chelsea Checking | JP Morgan Chase<br>1166 Avenue of the Americas<br>New York, New York 10036 | 4491 |
| Weck Corp. Savings | JP Morgan Chase<br>1166 Avenue of the Americas<br>New York, New York 10036 | 6644 |
| Weck Checking | HSBC<br>80 8th Avenue<br>New York, New York 10011 | 5018 |
| West Checking | HSBC<br>80 8th Avenue<br>New York, New York 10011 | 5000 |
| Chelsea Checking | HSBC<br>80 8th Avenue<br>New York, New York 10011 | 5034 |
| Dot.com Checking | HSBC<br>80 8th Avenue<br>New York, New York 10011 | 5026 |
| Sweep Savings | M&T<br>401 Broad Hollow Road<br>Melville, New York 11747 | 5129 |
| Savings | M&T<br>401 Broad Hollow Road<br>Melville, New York 11747 | 1323 |
| East Funding | M&T<br>401 Broad Hollow Road<br>Melville, New York 11747 | 7190 |
| Dot. com Funding | M&T<br>401 Broad Hollow Road<br>Melville, New York 11747 | 7208 |
| Chelsea Funding | M&T<br>401 Broad Hollow Road<br>Melville, New York 11747 | 7216 |
| West Funding | M&T<br>401 Broad Hollow Road<br>Melville, New York 11747 | 7224 |
| East Checking | M&T<br>401 Broad Hollow Road<br>Melville, New York 11747 | 4064 |

| Account Description | Bank Name and Address | Last Four Digits of Account No. |
|---|---|---|
| Dot.com Checking | M&T<br>401 Broad Hollow Road<br>Melville, New York  11747 | 4048 |
| Chelsea Checking | M&T<br>401 Broad Hollow Road<br>Melville, New York  11747 | 4056 |
| West Checking | M&T<br>401 Broad Hollow Road<br>Melville, New York  11747 | 4030 |