UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                                                                                                                :

In re                                                      :         Chapter 11

THE WECK CORPORATION,           :         Case No. 10-14349 (AJG)
d/b/a Gracious Home, *et al.*              :

             **Debtors.**                    :
------------------------------------------------------------ x

### INTERIM ORDER PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE (I) AUTHORIZING THE DEBTORS TO PAY OR HONOR (A) PREPETITION WAGES, COMPENSATION, EMPLOYEE BENEFITS AND RELATED ITEMS AND (B) PREPETITION EMPLOYEE PAYROLL DEDUCTIONS AND WITHHOLDINGS; AND (II) AUTHORIZING THE DEBTORS TO CONTINUE THE EMPLOYEE BENEFITS

Upon the motion, dated August 13, 2010 (the "Motion"),[1] of The Weck Corporation, d/b/a Gracious Home, West Weck, LLC, Gracious Home.com, LLC and Weck Chelsea, LLC, as Debtors and debtors in possession (collectively, the "Debtors"),[2] for an order pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") authorizing, but not requiring, the Debtors to (i) pay, or honor in their sole discretion, prepetition Wage Obligations, Expense Reimbursements, Payroll Taxes, Employee Withholdings, Employee Benefits costs and costs incident to the foregoing, (each as defined below, and collectively, the "Employee Obligations"), and (ii) maintain and continue to honor their practices, programs, and policies for their employees (the "Employee Benefits") as they were in effect on the Petition Date, and as such may be modified, amended, or supplemented from time to time in the ordinary course, all as more fully described in the Motion; and the Court having jurisdiction to consider

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the Motion.

[2] The Debtors in these cases, together with the last four digits of their respective federal tax identification numbers, are as follows: The Weck Corporation (6057); West Weck, LLC (1934); Gracious Home.com, LLC (4754); Weck Chelsea, LLC (3431).

the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the U.S. Trustee, (ii) counsel to NewAlliance Bank, the Debtors' secured creditor and proposed DIP Lender, (iii) counsel to GH Acquisition, LLC, the Debtors' proposed plan sponsor and investor, and (iv) the Debtors' twenty (20) largest unsecured creditors, and it appearing that no other or further notice need be provided; and the Court having determined that the relief requested in the Motion being in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted to the extent provided herein on an interim basis; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized, but not required, to satisfy the prepetition Employee Obligations (as defined below) without further Order of the Court, and in accordance with the Debtors' stated policies, including, without limitation, all obligations with respect to (i) wages and salaries (for the purposes of this interim order, solely up to the statutory priority cap), (ii) payroll taxes, social security taxes, Medicare taxes, (iii) paid time-off benefits, health and welfare benefit plans, (iv) savings plans, (v) business expense reimbursements, (vi) severance obligations (for the

purposes of this interim order, solely up to the statutory priority cap), (vii) other employee benefit programs, and (viii) all obligations with respect to insurance policies and coverage related to the foregoing (collectively, the "Employee Obligations"); and it is further

ORDERED that, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized, but not required, to pay amounts owed prior to the Petition Date in the aggregate amount of approximately $236,335, comprised of amounts owed (i) to the Debtors' Employees, on the account of Wage Obligations in the amount of approximately $90,000; (ii) to the relevant taxing authorities for Payroll Taxes up to approximately $40,142; (iii) Employee Deductions for 401K benefits, AFLAC premiums and Flexible Spending Benefits; and (iv) up to approximately $106,193 on account of the Debtors' Health and Welfare Plans; and it is further

ORDERED that the Debtors are authorized, but not required, to continue to honor their practices, programs, and policies with respect to their employees as such practices, programs, and policies were in effect as of the Petition Date, including, but not limited to the Employee Obligations; and it is further

ORDERED that the Debtors are authorized, but not required, to pay costs and expenses incidental to the payment of the Employee Obligations, including all administration and processing costs and payments to outside professionals or independent contractors, in the ordinary course of business, in order to facilitate the administration and maintenance of the Debtors' programs and policies related to the Employee Obligations; and it is further

ORDERED that nothing in this Order nor any action taken by the Debtors in furtherance of the implementation hereof shall be deemed an approval of the assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that nothing in this Order shall impair the ability of the Debtors or an appropriate party in interest to contest any claim of any creditor pursuant to applicable law or otherwise dispute, contest, setoff, or recoup any claim, or assert any rights, claims or defenses related thereto; and it is further

ORDERED that the Debtors are authorized (consistent with this Order) to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests related to Employee Obligations to the extent that such checks or transfers have been dishonored or rejected as a consequence of the commencement of the Debtors' chapter 11 cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order; and it is further

ORDERED that a final hearing on the relief requested in the Motion shall be scheduled for <u>September 1, 2010 at 9: 30 a.m</u>. (prevailing Eastern time); and it is further

ORDERED that notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion.

Dated: August 17, 2010
      New York, New York

                                        **s/Allan L. Gropper**
                                        UNITED STATES BANKRUPTCY JUDGE