**BECKER, GLYNN, MELAMED & MUFFLY LLP**
299 Park Avenue, 16th Floor
New York, New York 10171
Telephone: 212-888-3033
Facsimile: 212-888-0255
Alec P. Ostrow
aostrow@beckerglynn.com
Chester B. Salomon
csalomon@beckerglynn.com

*Attorneys for 201 East 69 LLC and TF Cornerstone Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                                         :
                                                               :
THE WECK CORPORATION                                           :
  d/b/a Gracious Home, et al.[1]                     :
                                                               :
        Debtors.       :
---------------------------------------------------------------x

Chapter 11

Case No. 10-14349 (AJG)

## SUPPLEMENTAL OBJECTION OF 201 EAST 69 LLC AND TF CORNERSTONE INC. TO DEBTORS' MOTION TO OBTAIN POST-PETITION FINANCING <u>FROM NEWALLIANCE BANK</u>

      201 East 69 LLC and TF Cornerstone Inc., respectively the landlord and managing agent of the Debtors' premises at 1201 Third Avenue, New York, New York (collectively, the "1201 Landlord"), supplementing the objection to the Debtors' motion to obtain post-petition financing from NewAlliance Bank, which was filed on September 2, 2010, respectfully state as follows:

---

[1] The debtors in this case include The Weck Corporation, West Weck, LLC, GraciousHome.com, LLC and Weck Chelsea, LLC.

1. On September 2, 2010, the 1201 Landlord timely filed and served its original objection ("Original Objection") to the Debtors' motion to approve post-petition financing with NewAlliance Bank ("DIP Financing Motion")

2. On September 3, 2010, the Debtors filed a notice of adjournment of the hearing on several motions, including the DIP Financing Motion. The notice of adjournment provided that objections to the adjourned motions were due by 4 p.m. on September 10, 2010.

3. On September 9, 2010, the Debtors filed a supplemental exhibit to the DIP Financing Motion, which included a so-called "Fee Letter" agreement between the Debtors and NewAlliance Bank, dated August 12, 2010, which had not been publicly filed.[2]

4. On one-day's notice, the 1201 Landlord submits this supplemental objection to the DIP Financing Motion, with respect to the content of the Fee Letter.[3]

5. The Fee Letter contains three fees (i) a commitment fee of $300,000, due on the "Effective Date," presumably of the DIP financing; (ii) an underwriting fee of $305,000, due on the effective date of the Sponsor Plan of Reorganization; and (iii) a provision referred to as both "liquidated damages" and a "Line of Credit termination" of

---

[2] The Debtors also filed the Fee Letter as a supplemental exhibit to the Debtors' motion to approve bidding procedures (the "Bidding Procedures Motion"), which was also the subject of the September 3, 2010 notice of adjournment, and to which the 1201 Landlord has also objected.

[3] The supplemental exhibits do not provide any additional time to object to their contents. It is respectfully submitted that one-day's notice of the Fee Letter is an insufficient amount of time to object to its contents. The 1201 Landlord reserves its rights to make further objections to the Fee Letter either in writing prior to the hearing on the DIP Financing Motion and the Bidding Procedures Motion, or orally at the hearing of such motions.

$706,080.00, payable in certain circumstances, including "Borrowers' filing of any Plan of Reorganization or liquidation plan other than the Sponsor Plan of Liquidation."

6. In its Original Objection, the 1201 Landlord objected to default provisions in the Debtor in Possession Loan and Security Agreement with NewAlliance Bank concerning the Sponsor Plan of Reorganization (the "Plan"), namely a failure to file the Plan by a certain date, and the failure of the Plan to become effective by a certain date. The 1201 Landlord objected to the Plan because it contained two provisions relating to the 1201 Landlord, namely, a provision that grants nondebtor releases, arguably broad enough to encompass the personal guarantee given to the 1201 Landlord by Mr. Wekselbaum, and the separate classification and treatment of landlord claim based on whether they are the subject of a settlement agreement approved by the Debtors. The 1201 Landlord argued that financing should not be predicated on the filing and confirmation of a demonstrably faulty Plan, and asked that the offending default provisions be struck from the Loan and Security Agreement as a condition of its approval.

7. For the same reasons, the 1201 Landlord objects to "liquidated damages" or "Line of Credit termination fee" of the Fee Letter to the extent it references the Plan, and asks that the references to the Plan be struck from the Fee Letter as a condition of the approval of the Loan and Security Agreement.

8. In addition, the 1201 Landlord objects to the size of the three fees set forth in the Fee Letter as excessive and unreasonable in light of the amount of DIP financing to be provided, as set forth in Section 2.1(a)-(b) of the Loan and Security Agreement, as up

to $3,425,200.00 under the Line of Credit, and up to $2,323,587.89 under the Replacement L/C Line.

**WHEREFORE**, for the reasons set forth above and in the Original Objection, the 1201 Landlord respectfully requests that the Debtors' motion to obtain post-petition financing from NewAlliance Bank be denied, unless approval is conditioned on (a) the inability to affect the rights of the 1201 Landlord under the 1201 Lease, the Bankruptcy Code, or the existing letter of credit with M&T Bank; (b) the removal of the events of default related to the Sponsor's Plan of Reorganization; (c) the removal of the references to the Sponsor Plan of Reorganization from the Fee Letter; and (d) the reduction of the amounts of the three fees set forth in the Fee Letter to reasonable levels; and that the 1201 Landlord be granted such other and further relief as is just.

Dated: New York, New York
      September 10, 2010

    BECKER, GLYNN, MELAMED & MUFFLY LLP

    By:   */s/ Alec P. Ostrow*
          Alec P. Ostrow
          Chester B. Salomon
    299 Park Avenue
    New York, NY 10171
    Tel: (212) 888 - 3033
    Fax: (212) 888- 0255
    aostrow@beckerglynn.com
    csalomon@beckerglynn.com

    *Attorneys for 201 East 69 LLC and TF Cornerstone Inc.*