KLESTADT & WINTERS, LLP
Counsel to 179 East 70th Street Corporation
Tracy L. Klestadt
Patrick J. Orr
292 Madison Avenue, 17th Floor
New York, New York 10017
(212) 972-3000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                              :
In re                                       :       Chapter 11
                                              :
THE WECK CORPORATION,        :
d/b/a Gracious Home et al.            :       Case No. 10-14349 (AJG)
                                              :
                      Debtors.          :       (Jointly Administered)
                                              :
---------------------------------------------------------------X

**OBJECTION OF 179 EAST 70TH STREET CORPORATION TO (I) DEBTORS' MOTION FOR APPROVAL OF BIDDING PROCEDURES AND (II) MOTION TO OBTAIN POST-PETITION FINANCING FROM NEWALLIANCE BANK AND JOINDER OF OBJECTIONS FILED BY 201 EAST 69 LLC AND TF CORNERSTONE INC.**

      179 East 70th Street Corporation (the "179 Landlord"), the owner and landlord of the premises located at 179 East 70th Street, New York, NY 10021, hereby objects to the Debtors' (I) Motion for Approval of Bidding Procedures (the "Bidding Procedures Motion") and (II) Motion to Obtain Post-Petition Financing from NewAlliance Bank (the "DIP Motion"), joins in the Objections previously filed by 201 East 69 LLC and TF Cornerstone Inc. to the Bidding Procedures Motion (the "1201 Landlord Bidding Procedures Objection") and the DIP Motion "1201 Landlord DIP Objection") and respectfully states as follows:

**Preliminary Statement**

1. The Weck Corporation, one of the Debtors, leases the store and basement located at 179 East 70th Street, New York, NY 10021 (the "Premises") from the 179 Landlord pursuant to a lease agreement dated August 19, 1991, as amended (the "179 Lease").

2. While the Debtors have paid September's rent, they have not yet paid the $47,982.58 due for August 2010, which amount includes rent and real estate tax.

3. The 179 Landlord objects to the Bidding Procedures Motion, generally, because (a) the bidding and auction procedures set forth therein revolve around a stalking horse bid submitted by a joint venture comprised in part by principals of the Debtors, creating an obvious conflict of interest that is not adequately addressed in the Bidding Procedures Motion and may be irreconcilable; (b) the breakup fee provisions allow for a potential windfall for insiders; and (c) the procedures include a plan of reorganization (the "Proposed Plan") that, in its current form, cannot be confirmed.

4. The 179 Landlord objects to the Debtors' DIP Motion and the DIP Agreement (defined below) to the extent that it: (a) affects the 179 Landlord's rights under the 179 Lease or the letter of credit dated May 13, 2005 (the "Letter of Credit") given as security under the 179 Lease; and (b) includes default provisions that would be triggered under the Proposed Plan.

**Objection to Bidding Procedures Motion**

5. Aside from the factual distinctions set forth above, the 179 Landlord incorporates by reference herein and fully adopts and endorses the assertions, arguments and legal bases set forth in the 1201 Landlord Bidding Procedures Objection. The positions of the 179 Landlord and the 1201 Landlord vis-à-vis the Debtors are similar enough that the inappropriateness of the bidding and auction procedures as currently proposed by the Bidding Procedures Motion, if

approved by this Court and implemented, could impermissibly and detrimentally affect the rights of each of these landlord in the same way.

6. As such the 179 Landlord respectfully submits that the Bidding Procedures Motion should be denied in all respects.

## Objection to DIP Motion

7. In accordance with Paragraph 31 of the 179 Lease, the Debtors have provided the 179 Landlord with the Letter of Credit from M&T Bank in the amount of $60,000 as security under the 179 Lease.

8. The Debtor in Possession Loan and Security Agreement with NewAlliance Bank (the "DIP Agreement") contains several provisions that may affect the 179 Landlord's rights under the 179 Lease and the Letter of Credit. Section 6.4 prohibits the borrowers from incurring new indebtedness, with an exception for the existing letters of credit. Section 2.10 contains provisions governing the issuance by NewAlliance Bank of letters of credit.

9. The DIP Motion and DIP Agreement is deficient in that it is not clear whether the Debtors intend to take any steps to substitute a letter of credit issued by NewAlliance Bank for the existing Letter of Credit.

10. In all other respects, the 179 Landlord incorporates by reference herein and fully adopts and endorses the assertions, arguments and legal bases set forth in the 1201 Landlord DIP Objection. The positions of the 179 Landlord and the 1201 Landlord vis-à-vis the Debtors are similar enough that the issues raised by the 1201 Landlord with respect to security, compliance with the Lease terms and conditions, the potential abrogation of the 179 Landlord's rights, the default provisions of involving the Proposed Plan, the releases set forth in the Proposed Plan, and the classification of the 179 Landlord's claim in the Proposed Plan, if approved by this Court as

currently proposed by the Debtors, would impermissibly and detrimentally affect the rights of each of these landlords in the same way.

11. As such the 179 Landlord respectfully submits that the DIP Motion should be denied in all respects, unless approval is conditioned on (a) the inability to affect the rights of the 179 Landlord under the 179 Lease, the Bankruptcy Code, or the Letter of Credit with M&T Bank; and (b) the removal of the events of default related to the Proposed Plan.

**WHEREFORE**, the 179 Landlord respectfully requests that (i) the Debtors' Bidding Procedure Motion be denied in all respects, and (ii) the Debtors' DIP Motion be denied, unless approval is conditioned on (a) the inability to affect the rights of the 179 Landlord under the 179 Lease, the Bankruptcy Code, or the Letter of Credit with M&T Bank; and (b) the removal of the events of default related to the Proposed Plan, and (ii) that the 179 Landlord be granted such other and further relief as is just.

Dated: New York, New York
September 16, 2010

Respectfully submitted,

KLESTADT & WINTERS, LLP
Counsel to 179 East 70th Street Corporation

By: /s/Patrick J. Orr
Tracy L. Klestadt
Patrick J. Orr
292 Madison Avenue, 17th Floor
New York, NY 10017
Tel: (212) 972-3000