HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400
Rosanne Thomas Matzat
Joseph Orbach

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
:
In re                                                         :
:     **Chapter 11**
**THE WECK CORPORATION,** *et al.,*                           :
:     **Case No. 10-14349 (AJG)**
            **Debtors.**                                      :
:     **Jointly Administered**
:
------------------------------------------------------------- x

**DEBTORS' MOTION PURSUANT
TO SECTION 1121(d) OF THE BANKRUPTCY CODE
REQUESTING EXTENSION OF EXCLUSIVE PERIODS FOR THE FILING
OF A CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCES THEREOF**

The Weck Corporation, d/b/a Gracious Home, West Weck, LLC, Gracious Home.com, LLC and Weck Chelsea, LLC, as debtors and debtors-in-possession (collectively, the "Debtors"),[1] hereby submit this motion (the "Motion") for the entry of an order, pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") extending the exclusive periods for the filing of a chapter 11 plan and solicitation thereof. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these cases, together with the last four digits of their respective federal tax identification numbers, are as follows: The Weck Corporation (6057); West Weck, LLC (1934); Gracious Home.com, LLC (3431); Weck Chelsea, LLC (4754).

1

## BACKGROUND

### General

1. On August 13, 2010 (the "Petition Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases. On August 24, 2010, an official committee of unsecured creditors (the "Committee") was appointed.

### The Debtors' Businesses

2. Founded in 1963, when now Chairman Natan Wekselbaum and his brother emigrated from Cuba, the Debtors began as a small neighborhood hardware store on Manhattan's Upper East Side. Remaining family owned and operated for the ensuing 47 years, the Debtors operate today a housewares and home furnishings business under five (5) store location leases and an internet-based business, all under the name "Gracious Home." In addition to basic hardware and plumbing supply, stores feature extensive selections of bedding and bath products, kitchen supplies and appliances, decorative hardware, window treatments, home décor, tableware, lightening and fixtures, fabrics, household appliances and vacuums and travel accessories. In addition to its detailed product offering, Gracious Home offers a wide range of customized products and services, including personal shopping, key making, knife sharpening, lamp re-wiring, vacuum repairs, custom window treatments and stationary. Having built their reputation and clientele on quality of service, the stores cater not only to the sophisticated, upper-end, metropolitan consumer, but also architects, contractors, interior designers, electricians, plumbers, carpenters and developers.

### Motions Regarding Leases

3. On September 20, 2010, the Debtors filed a motion to reject their lease of retail space at 1217 Third Avenue effective September 30, 2010, and their lease of retail space at 55 West 25th Street effective October 31, 2010.[2] On October 7, 2010, the Court approved the rejection of those two leases (the "Lease Rejection Order").

4. The Debtors will be filing contemporaneously with this Motion, a motion to extend its time to elect, under § 365 of the Bankruptcy Code, as to assumption or rejection for its remaining leases.

### Auction

5. On October 22, 2010, the Court entered an Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code Approving Stalking Horse Selection Process, Bidding Procedures, Notice of Auction Relating Thereto, Scheduling Sale Hearing and Granting Related Relief [Docket No. 167] (the "Bid Procedures Order"). Pursuant to the Bid Procedures Order, the Debtors will be conducting an auction for the sale of substantially all of the Debtors' assets (the "Auction"), on November 29, 2010, and the Court has scheduled a sale hearing for approval of the successful bid at Auction (the "Sale Hearing") for November 30, 2010.

### Jurisdiction

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b). This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] With respect to the lease at 55 West 25th Street, the Lease Rejection Order provided that prior to the rejection date, and upon written agreement, the Debtors and the landlord could delay the lease rejection date without further notice or order. To the extent the Debtors reach such an agreement with the landlord, the Debtors believe that such agreement, coupled with an order being granted with respect to this Motion, satisfies the requirements of Bankruptcy Code section 365(d)(4)(B)(ii), such that the Debtors time to assume or reject the 55 West 25th Street lease will be extended beyond December 11, 2010.

**Relief Requested**

7. Section 1121(a) of the Bankruptcy Code provides for an initial 120 period after the Petition Date (the "Exclusive Period") and an additional 60 days to solicit acceptances (the "Solicitation Period") within which the Debtors have the exclusive right to file a plan and solict acceptances of any plan of reorganization filed by the Debtors during the Exclusive Period.

8. The Debtors request that, pursuant to section 1121(d), the Court authorize an extension of the Debtors' Exclusive Period and Solicitation Period by ninety (90) days, through and including March 11, 2011 and May 10, 2011, respectively, without prejudice to the right of the Debtors to seek further extension of such periods. Currently, the Debtors' Exclusive Period and Solicitation Period expire on December 11, 2010 and February 9, 2011, respectively. A proposed order granting the requested relief is attached hereto as "Exhibit A" (the "Proposed Order").

**Basis for Relief**

9. Section 1121(d) of the Bankruptcy Code provides that the Court may extend a debtor's exclusive period within which to file and solicit acceptances to a plan of reorganization:

> On request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120 day period of the 180 day period referred to in this section.

11 U.S.C. § 1121(d).

10. Whether cause exists to extend a debtor's exclusive periods to file and solicit acceptances of a plan is a decision committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. See In re Texaco, Inc., 76 B.R. 322, 325 (Bankr. S.D.N.Y. 1987).

11. In determining whether cause exists to extend the exclusive period, a court may consider a variety of factors to assess the totality of circumstances in each case. See In re Adelphia Commc'ns Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (stating that the decision to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court, and is fact specific); In re McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying the factors used by courts to determine whether cause exists to extend exclusivity); In re Dow Corning Corp., 208 B.R. 661, 664, 670 (Bankr. E.D. Mich 1997); In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996). The factors cited by courts include, without limitation:

> (a) the size and complexity of the debtor's case;
>
> (b) the fact that the debtor is paying its bills as they come due;
>
> (c) the existence of good-faith progress towards reorganization;
>
> (d) the existence of an unresolved contingency; and
>
> (e) a finding that the debtor is not seeking to extend exclusivity to pressure creditors "to accede to [the debtors'] reorganization demands."

See, e.g., Adelphia Commc'ns Corp., 352 B.R. at 587 (certain factors including, among others, those factors enumerated above, normally are considered when determining whether "cause" exists to reduce or increase the Debtor's exclusivity period).

12. Cause exists to extend the Exclusive Period and the Solicitation Period. The Debtors have made a good faith effort to resolve this Chapter 11 case by cooperating with its secured lender and the Creditors' Committee on the Auction and sales process which will ultimately determine whether sufficient value exists to confirm a plan. As the Auction and Sale Hearing are scheduled for late November, and a sale will not close before early December, the

Debtors will not know how much value potentially exists in the estate until such time. Furthermore, until the bar date established in these cases (the "Bar Date") passes and the Debtors conclude their reconciliation of section 503(b)(9) claims, the Debtors will not know if a plan of reorganization is feasible. Pursuant to the order establishing the Bar Date, the section 503(b)(9) claims will not be reconciled until at least mid-February. Accordingly, the Debtors believe that by the end of February they should know if a plan is feasible, and will then be in a position to consult with the Committee regarding the resolution of these cases. The Court should also note that the Debtors have been paying and continue to pay its post-petition bills as they become due and meet its post-petition obligations.

13. Finally, the Debtors are not using their exclusivity to give them unfair bargaining leverage over other parties in interest. The Debtors have been and are continuing to work to obtain the best possible result for creditors, whether through a plan or auction and section 363 sale process, and all parties in interest have been encouraged to participate in the debtors auction and sale process.

**Notice**

14. The Debtors have served notice of this Motion on (i) the Office of the U.S. Trustee, (ii) counsel to New Alliance Bank, the Debtors' secured creditor and proposed DIP Lender, (iii) counsel to the Official Committee of Unsecured Creditors, and (iv) all other parties who have timely filed requests for notice under Rule 2002. The Debtors submit that no other or further notice need be provided.

**No Prior Request**

15. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested herein and such other further relief as it deems just and proper.

Dated: October 29, 2010
New York, New York

HAHN & HESSEN LLP

By: _____/s/ Rosanne Thomas Matzat
      A Member of the Firm

488 Madison Avenue
New York, New York 10022
Telephone:    (212) 478-7200
Facsimile:    (212) 478-7400
Rosanne Thomas Matzat
rmatzat@hahnhessen.com
Joseph Orbach
jorbach@hahnhessen.com

*Attorneys for Debtors and Debtors in Possession*