| UNITED STATES BANKRUPTCY COURT | x |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK | |

-------------------------------------------------------------

| In re: | : | Chapter 11 |
|---|---|---|
| | : | |
| THE WECK CORPORATION, *et al.* | : | Case No. 10-14349 (AJG) |
| | : | |
| | : | Jointly Administered |
| Debtors. | : | |

------------------------------------------------------------- x

## ORDER (I) APPROVING THE DISCLOSURE STATEMENT, (II) ESTABLISHING PLAN SOLICITATION AND VOTING PROCEDURES, (III) SCHEDULING A CONFIRMATION HEARING, AND (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF JOINT CHAPTER 11 PLAN OF LIQUIDATION

Upon the motion, dated May 23, 2011 (the "Motion")[1] of The Weck Corporation, d/b/a Gracious Home, West Weck, LLC, Gracious Home.com, LLC and Weck Chelsea, LLC, as debtors and debtors-in-possession (collectively, the "Debtors") for an order pursuant to sections 105, 502, 1125, 1126 and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3017, 3018, 3020, 9013, 9014 and 9021 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 3017-1, 3018-1, 3020-1, 9013-1 and 9021-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), (i) approving the First Amended Disclosure Statement for the Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors (the "Disclosure Statement"), (ii) establishing solicitation and voting procedures, (iii) scheduling a confirmation hearing, and (iv) establishing notice and objection procedures in respect of confirmation of the First Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors (the "Plan"), all as more fully described in the Motion; and the Court having jurisdiction to

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § l57(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the all necessary parties, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and Creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **FOUND AND DETERMINED AS FOLLOWS**:

A. **Adequate Information** - The Disclosure Statement, attached hereto as Exhibit 1, contains adequate information within the meaning of section 1125 of the Bankruptcy Code and no further information is necessary.

B. **Fair and Equitable Voting Procedures** - The procedures, set forth below, for the solicitation and tabulation of votes to accept or reject the Plan, including the substantive consolidation of the Debtors' various cases, provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

C. **Non-Voting Classes** - The holders of Class 1, Secured Claims are Unimpaired by the Plan, are conclusively presumed to have accepted the Plan, and are not entitled to vote to accept or reject the Plan. Holders of Class 3, Interests are Impaired and will receive no distribution under the Plan, are deemed to reject the Plan, and are not entitled to vote to accept or reject the Plan.

D. **Voting Class** - Creditors in Class 2 are Impaired and are entitled to vote on account of such Claims (collectively, the "Voting Class" or individually, a "Voting Creditor"); provided, (a) as of the Record Date, the outstanding amount of such Claim is greater than zero ($0.00); (b) as of the Record Date, the Claim has not been disallowed, expunged, disqualified, or suspended; and (c) such Claim is not subject to an objection or request for estimation by the Claim Objection Deadline, **June 24, 2011**. Further, Creditors that are not scheduled in the Debtors' Schedules, and/or are (ii) scheduled as contingent, unliquidated, disputed or in a zero or unknown amount, or (b) have not timely file a proof of claim by the Bar Dates are not entitled to vote.

E. **Solicitation Packages** - The proposed distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties of the Record Date, Voting Deadline, Plan Objection Deadline, Confirmation Hearing, and all related matters.

F. **Ballot** - The form of the Ballot annexed hereto as Exhibits 5 (the "Ballot"), including all voting instructions provided therein, is consistent with Official Form No. 14, addresses the particular needs of these chapter 11 cases, and provides adequate information and instructions for each individual entitled to vote to accept or reject the Plan and no further information or instructions are necessary.

G. **Notices of Non-Voting Status** - The Notices of Non-Voting Status, substantially in the forms annexed hereto as Exhibits 2 and 3, comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules and provide adequate notice to Non-Voting Classes of their non-voting status and no further notice is necessary.

H. **The Voting Deadline** - The period and Voting Deadline, set forth below, during which the Debtors may solicit acceptances to the Plan is a reasonable and sufficient period of time for the Voting Class to make an informed decision whether to accept or reject the Plan and timely return Ballots evidencing such decision.

I. **Confirmation Notice and Objection Procedures** - The procedures, set forth below, regarding notice to all parties in interest of the time, date, and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") constitutes good and sufficient notice to all interested parties and no further notice is necessary.

**THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

**Approval of the Disclosure Statement**

1. The Disclosure Statement, substantially in the form attached hereto as **Exhibit 1**, is **APPROVED**.

2. All objections to the Disclosure Statement that have not been withdrawn or resolved as provided for in the record of the Disclosure Statement hearing are overruled.

**Temporary Allowance of Claims**

3. Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtors in any other context, each Class 2 Claim entitled to vote to accept or reject the Plan is temporarily allowed in an amount equal to the amount of such Claim as set forth in the Schedules subject to the following exceptions (unless expressly waived by the Debtors and the Creditors' Committee):

> (a) If a Claim is deemed allowed under the Plan, such Claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

(b) If a proof of claim was timely filed in an amount that is liquidated, non-contingent, and undisputed, such Claim is temporarily allowed in the amount set forth on the proof of claim, unless such Claim is Disputed as set forth in subparagraph (g) below;

(c) If a Claim for which a proof of claim has been timely filed is wholly contingent, unliquidated, disputed, unknown, or undetermined, such Claim is accorded one vote and valued at one dollar ($1.00) for voting purposes only, and not for purposes of allowance or distribution, unless such Claim is disputed as set forth in subparagraph (g) below;

(d) If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(e) If a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (a) filed by the Bar Dates for the filing of proofs of claim established by the Court or (b) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(f) If a Claim is listed in the Schedules or on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution, unless such Claim is disputed as set forth in subparagraph (g) below;

(g) If a party-in-interest has filed an objection or request for estimation as to a Claim by the Claim Objection Deadline, such Claim is temporarily disallowed (to the extent provided in the objection or request) for voting purposes only but not for purposes of allowance or distribution, except as ordered by the Court before the Voting Deadline; and

(h) Unless temporarily allowed for voting purposes by the Court, if a proof of claim asserts a Claim that is not in U.S. dollars, such Claim will be treated as unliquidated and allowed for voting purposes only in the amount of $1.00.

4. If any Creditor seeks to challenge the allowance of its Claim for voting purposes, the Creditor shall file with this Court (with a copy to Chambers) a motion for an order

5

pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for voting purposes in a different amount on or before the Voting Estimation Deadline, **July 22, 2011**. Upon the filing of any such motion, the Creditor's Ballot shall not be counted unless temporarily allowed by an order of this Court entered prior to the Voting Deadline.

**Voting Record Date**

5. The Record Date is set as **June 24, 2011**.

**Solicitation Packages**

6. The Solicitation Packages as described below are **APPROVED**.

7. By **July 13, 2011** or as soon as reasonably practicable thereafter, the Debtors shall mail or cause to be mailed Solicitation Packages to parties entitled to receive notice of the Confirmation Hearing pursuant to Bankruptcy Rule 2002.

8. Solicitation Packages (either in printed hard copies or CD-ROM format, or a combination thereof) shall contain:

    (a) the Confirmation Hearing Notice;

    (b) to Voting Classes;

        (1) this Order (without attachments);

        (2) the Disclosure Statement, together with all attachments (including the Plan);

        (3) a cover letter from the Creditors' Committee setting forth the Creditors' Committee's support thereof;

        (4) a Ballot; and

        (5) a return envelope; and

    (c) to Non-Voting Classes, a Notice of Non-Voting Status;

9. The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, and related materials without further order of the Court.

10. The Voting Agent is permitted to dispense with the mailing of Solicitation Packages, Non-Voting Notices or other materials to addresses and entities to which prior notices were returned by the United States Postal Service as undeliverable, unless the Voting Agent is provided with an accurate address.

**Ballot**

11. The form of Ballot, substantially in the form attached hereto as Exhibits 5 is **APPROVED**.

**Notices of Non- Voting Status**

12. The Notice of Non-Voting Status - Unimpaired Class, substantially in the form attached hereto as Exhibit 2 is **APPROVED**.

13. The Notice of Non-Voting Status - Impaired Class, substantially in the form attached hereto as Exhibit 3 is **APPROVED.**

**The Voting Deadline**

14. The Voting Deadline is **August 12, 2011 at 4:00 p.m.** (prevailing Eastern Time).

15. To be counted, a Ballot must be properly executed, completed, and delivered to the Voting Agent by first-class mail, overnight courier, or personal delivery such that the Ballot is <u>actually received</u> at the address(es) set forth on the Ballot by the Voting Deadline.

**Tabulation Procedures**

16. The following tabulation procedures are **APPROVED**:

    (a) if a Creditor casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last valid Ballot received before the Voting Deadline be deemed to reflect the voter's intent, and thus, to supersede any prior Ballots.

(b) the following Ballots shall **not** be counted:

(1) any Ballot that is properly completed, executed, and timely returned to the Voting Agent, but (i) does not indicate either an acceptance or rejection of the Plan or (ii) indicates both an acceptance and a rejection of the Plan;

(2) in the absence of any extension of the Voting Deadline granted by the Debtors and Creditors' Committee, any Ballot received after the Voting Deadline;

(3) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

(4) any Ballot cast by a person or entity that does not hold a Class 2 General Unsecured Claim;

(5) any Ballots not bearing an original signature; or

(6) any Ballot transmitted to the Voting Agent by facsimile, telecopy, other means of electronic transmission, or any means other than those expressly approved herein.

(c) if a party that is entitled to vote has more than one Claim within Class 2 against one or more of the Debtors based upon different transactions, the Debtors propose that said party shall be entitled to one vote in the aggregate dollar amount of all of said Claims;

(d) notwithstanding anything to the contrary contained herein, the Debtors propose that any Creditor who has scheduled, filed or purchased (i) duplicate Claims (whether against the same or multiple Debtors) or (ii) Claims against multiple Debtors arising from the same transaction *(e.g.,* guarantee Claims or Claims for joint or several liability), be provided with only one Solicitation Package and one Ballot and be permitted to vote only a single Claim for numerosity purposes in a dollar amount based upon its Claim against one of the Debtors, regardless of whether any party-in-interest has objected to such duplicate Claims.

17. For the purpose of the Record Date, no transfer of Claims pursuant to Bankruptcy Rule 3001 shall be recognized unless (i) documentation evidencing such transfer was filed with the Bankruptcy Court on or before twenty-one (21) days prior to the Record Date, and (ii) no timely objection with respect to such transfer was filed by the transferor. The Debtors, the Plan Administrator and the Post-Confirmation Debtor will have no obligation to recognize any

8

transfer of the Claims occurring after the close of business on the Record Date. The Debtors and the Plan Administrator will be entitled to recognize and deal under the Plan only with those record holders stated on the transfer ledgers as of the close of business on the Record Date, to the extent applicable.

18. The Voting Agent is authorized (but not required) to contact parties that submit incomplete or otherwise deficient Ballots to cure such deficiencies. The Debtors are authorized to waive any such deficiencies in their discretion based upon the facts and circumstances in connection therewith.

**Confirmation Hearing**

19. The Confirmation Hearing is scheduled for **August 24, 2011 at 9:30 a.m.** (prevailing Eastern Time); provided, however, that the Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Court.

20. The Notice of the Confirmation Hearing, substantially in the form attached hereto as Exhibit 4 is **APPROVED**.

**Plan Confirmation Objections**

21. The Plan Objection Deadline is **August 17, 2011 at 4:00 p.m.** (prevailing Eastern Time).

22. Objections and responses, if any, to confirmation of the Plan, must be in writing, and must (a) conform to the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Court in these chapter 11 cases, (b) set forth the name and address of the objecting party and the amount and nature of the Claim or Interest of such party, (c) state with particularity the basis and nature of the objection to the Plan and, if practicable, a proposed modification to

the Plan that would resolve such objection, and (d) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is **actually received** by the notice parties identified in the Confirmation Hearing Notice on or prior to the Plan Objection Deadline.

23. Registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses. All other parties in interest must file their objections and responses on a 3.5 inch floppy disk or flash drive, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format (with a hard copy delivered directly to the Chambers of the Honorable Arthur Gonzalez) in accordance with General Order M-399.

24. Any objections or responses must also be served upon and received by the Notice Parties no later than the Plan Objection Deadline.

25. The Debtors may file and serve replies or an omnibus reply to any such objections no later than 12:00 p.m. (prevailing Eastern Time) on **August 22, 2011.**

**Solicitation Period**

26. The Debtors' exclusive period to solicit acceptances to the Plan is extended through and including September 15, 2011, nunc pro tunc to May 10, 2011.

27. The Debtors are authorized, in their sole discretion, to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

28. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: July 5, 2011
      New York, New York

                                         **s/Arthur J. Gonzalez**
                                         CHIEF UNITED STATES BANKRUPTCY JUDGE